**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

|  |  |  |
|---|---|---|
| JOEL SOLKOFF, | : | |
| Plaintiff, | : | No. 18-cv-683 |
| | : | |
| vs. | : | Judge Robreno |
| | : | |
| THE PENNSYLVANIA STATE UNIVERSITY, *et al.* | : | Electronically Filed |
| Defendants. | : | |

_____

## JOINT MOTION FOR *IN CAMERA* APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff Joel Solkoff ("Plaintiff") and Defendants The Pennsylvania State University (the "University"), M. Kevin Parfitt, and Ali Memari, Ph.D. (all together, "Defendants") (collectively, the "Parties"), by and through their undersigned counsel, jointly move for *in camera* review and approval of the Parties' Settlement Agreement releasing Plaintiff's claims against Defendants, and in support thereof, state as follows:

1. Plaintiff filed this action under the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), the Pennsylvania Wage Payment and Collection Law ("WPCL"), and common law on February 15, 2018. (D.I. 1). Defendants filed a partial motion to dismiss on April 24, 2018. (D.I. 3).

2. On May 23, 2018, Plaintiff filed an Amended Complaint, adding claims under 42 U.S.C. § 1983 and Section 504 of the Rehabilitation Act. (D.I. 7). Defendants filed a partial motion to dismiss or strike on June 29, 2018. (D.I. 9).

3. On September 25, 2018, this Court granted, in part, Defendants' motion to dismiss. (D.I. 20).

4. Plaintiff filed a Second Amended Complaint on October 15, 2018. (D.I. 23). Defendants filed a third motion to dismiss Counts VI (alleging a claim for violation of 42 U.S.C.

§ 1983 related to his alleged termination of employment) and VII (alleging breach of the Rehabilitation Act) (D.I. 24), which this Court granted on December 11, 2018 (D.I. 27).

5.     The Parties engaged in good faith, arms-length negotiations, which have resulted in the full settlement of all claims brought by Plaintiff against Defendants, and provides for dismissal of this action, with prejudice.

6.     District courts in the Third Circuit will approve the settlement of FLSA claims where the agreement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Confair v. Charles P. & Margaret E. Polk Foundation*, Civil No. 1:17-cv-0674, 2018 WL 2095684 (M.D. Pa. May 7, 2018).  The bona fide dispute is resolved where the terms of the settlement "reflect[s] a reasonable compromise over issues, such as . . . back wages, that are actually in dispute."  *Id.*  Courts will approve an agreement that is fair and reasonable and does not otherwise impermissibly frustrate the implementation of the FLSA.  *Bettger v. Crossmark, Inc.*, 2015 WL 279754, at * 4 (citing *Altenbach v. Lube Ctr.*, Civ. No. 08-cv-2178, 2013 WL 74251 (M.D. Pa. Jan. 4, 2013)).

7.     The settlement reached by the Parties is a fair and reasonable resolution of a bona fide dispute over wages Plaintiff alleges he is due, as well as other claims alleged in his Second Amended Complaint.

8.     The Parties jointly request that this Court perform an *in camera* review of the Settlement Agreement, approve the Agreement as fair and reasonable, and enter an order of dismissal with prejudice pursuant to the terms of the Agreement.

9.     The facts and circumstances of this case are unique in that the FLSA claims in this case involve more than a dispute over the amount of wages allegedly due to Plaintiff.  The dispute is more fundamental in that the Parties contest the very nature of Plaintiff's relationship

with the University.  Plaintiff asserts that he was an employee, while the University maintains that Plaintiff was not an employee, an independent contractor, or any other category of working relationship recognized by law.

10.     Congress's intent in advancing employees' awareness of their FLSA rights and ensuring pervasive implementation of the FLSA in the workplace are not served by making the settlement agreement in this matter available to the public.  *Brooklyn Sav. Bank v. O'Neill*, 324 U.S. 697, 706-07 (1945).  Specifically, the facts and circumstances of this case are so unique that it is unlikely that they could provide any utility to the general public regarding proper implementation of the FLSA and workers' rights thereunder.

11.     In advocating for FLSA settlements to be public, courts have cited that there is a public interest in making these agreements between *employees* and *employers* public.  *See, e.g.*, *Pessoa v. Countrywide Home Loans, Inc.*, No. 06-1419, 2007 WL 1017577, at *2 (M.D. Fla. Apr. 2, 2007) (citing *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003).[1] Again, the fundamental issue here is the nature of Plaintiff's relationship with the University. The University strongly disputes that Plaintiff was an employee.  Plaintiff strongly contends otherwise.  As there is no agreement on this fundamental point, the public interest in the terms of the settlement is significantly reduced.

12.     Additionally, the Agreement is not limited to releasing only wage-related claims. The Agreement also releases Plaintiff's claims for unjust enrichment and violation of 42 U.S.C. § 1983 related to his alleged exercise of his rights under the First Amendment.  (D.I. 23).  The Parties unquestionably are entitled to confidentiality of the settlement of these claims.

---

[1] *But see*, *Lyons v. Gerhard's Inc.,* No. 14-06693, 2015 WL 4378514 (E.D. Pa. July 16, 2015);

13.     The confidentiality provision of the Agreement is a material term and applies to the wage-related claims, as well as all other claims Plaintiff asserts.  The settlement of the claims about which the parties are entitled to confidentiality cannot be carved out of the Agreement and, therefore, the Agreement as a whole should remain confidential and subject to only *in camera* review.

THEREFORE, the Parties respectfully request that this Court enter an order directing the Parties to file the Settlement Agreement under seal for *in camera* review.  The Parties further request that, upon review, the Court enter an order approving the terms of the Settlement Agreement and dismissing this case with prejudice pursuant to Local Rule 41.1(b).

Respectfully submitted,

 s/ Adam Harrison Garner
Adam Harrison Garner, Esquire
The Garner Firm
1515 Market Street, Suite 1200
Philadelphia, PA 19102
(215) 645-5955
*Attorney for Plaintiff*

 s/  Carolyn A. Pellegrini
James A. Keller, Esquire/78955
Carolyn A. Pellegrini, Esquire/307026
Saul Ewing Arnstein & Lehr LLP
1500 Market Street
Philadelphia, PA 19102
(215) 972-7777
james.keller@saul.com
carolyn.pellegrini@saul.com
*Attorney for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEL SOLKOFF, | : | |
| Plaintiff, | : | No. 18-cv-683 |
| | : | |
| vs. | : | Judge Robreno |
| | : | |
| THE PENNSYLVANIA STATE UNIVERSITY, *et al.* | : | Electronically Filed |
| Defendants. | : | |

## <u>ORDER</u>

AND NOW, this _____ day of _____ 2019, upon consideration of the Joint Motion for *In Camera* Approval of the Settlement Agreement, it is hereby ORDERED that within five days of the entry of this Order, the Parties shall file the Settlement Agreement at issue under seal with the Clerk.

_____
J.                                                          Robreno

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

|                                                      |   |                      |
|------------------------------------------------------|---|----------------------|
| JOEL SOLKOFF,                                         | : |                      |
|     Plaintiff,                    | : | No. 18-cv-683        |
|                                                      | : |                      |
|      vs.                     | : | Judge Robreno        |
|                                                      | : |                      |
| THE PENNSYLVANIA STATE UNIVERSITY, *et al.*          | : | Electronically Filed |
|                                                      | : |                      |
|     Defendants.                   | : |                      |

## ORDER

    AND NOW, this ____ day of _____ 2019, upon consideration of the Joint Motion for *In Camera* Approval of the Settlement Agreement and the Settlement Agreement as filed under seal, it is hereby ORDERED that the Motion is GRANTED, and that this case is DISMISSED WITH PREJUDICE pursuant to Local Rule 41.1(b).

_____

J. Robreno